IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL CHUDY,<br><br>Defendant. | CR 05–16–H–CCL<br><br><br>**FINDINGS OF FACT**<br>**&**<br>**CONCLUSIONS OF LAW** |

This matter came before the Court on the parties joint motion for a hearing to consider the conditional release plan proposed by Warden Boncher of FMC Devens. In response to the joint motion, the Court set down a hearing pursuant to 18 U.S.C. § 4243 for October 15, 2020. The purpose of the hearing was to determine whether Defendant's conditional release from supervision would create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect.

Defendant Chudy (Mr. Chudy) appeared at his hearing via video from FMC Devens in Massachusetts. His counsel, David Ness, was present in person, as was counsel for the United States, Paulette Stewart. The Court heard testimony from Mr. Chudy and the following witnesses, who also appeared by video from FMC

Devens: Shawn Channell, a Forensic Psychologist and Chair of the Risk Assessment Panel at FMC Devens; Christina Cozza, a licensed clinical social worker employed by the Bureau of Prisons at FMC Devens, and Justin Prophet, a Supervisory Probation Officer with the United States Probation Office in the District of Massachusetts.

Based on the evidence presented at the October 15, 2020, hearing, and the record in this case, the Court makes the following findings of fact and conclusions of law.

## Findings of Fact

1. On June 2, 2006, the Court held a bench trial on stipulated facts and found that Mr. Chudy had threatened to assault a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B). The Court also found that Mr. Chudy suffered from a severe mental disease or defect at the time of the commission of the offense which rendered him unable to appreciate the nature and quality of the wrongfulness of his acts. The Court, therefore, found Mr. Chudy not guilty only by reason of his insanity.

2. The Court committed Mr. Chudy to the Bureau of Prisons for a psychiatric examination and ordered that Mr. Chudy return to the the District of Montana for a hearing conducted pursuant to 18 U.S.C §§ 4243(c) and 4247(d).

3. The Court conducted the "dangerousness" hearing on October 4, 2006. The parties agreed that Mr. Chudy's release would create a substantial risk of bodily injury to another person or serious damage to the property of another and that Mr. Chudy should remain under the supervision of the Bureau of Prisons. At the hearing, the Court determined that Mr. Chudy suffered from Bipolar Disorder and Alcohol Dependence and required close supervision "to help him to recognize his mood fluctuations, maintain medication compliance, and to prevent alcohol use (which interferes with all of the above)." (Doc. 38 at 3, ¶¶ 5 - 6). Based on this conclusion, the Court remanded Mr. Chudy to the Bureau of Prisons for commitment until he could be safely released under a conditional release plan.

4. Mr. Chudy was admitted to FMC Devens in November of 2006. Since Mr. Chudy's admission, the Warden of FMC Devens has provided the Court with an annual Risk Assessment Panel Report. For the past eight years, since October of 2012, the Risk Assessment Panel has determined that Mr. Chudy's conditional release under a prescribed regimen of treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. However, his treatment providers were unable to find an appropriate placement for Mr. Chudy; the Panel, therefore, found that he continued to meet the criteria for commitment under 18 U.S.C. § 4243.

5. On September 15, 2020, the Warden of FMC Devens sent a letter advising the Court of potential release conditions on behalf of Mr. Chudy, along with a "Certificate of Improved Mental Condition and Request for Conditional Release from Hospitilization," and a letter from Senior United States Probation Officer Justin Prophet stating that the District of Massachusetts is amenable to supervising Mr. Chudy, if the Court approves his conditional release. These documents were admitted as exhibits at the October 15, 2020, hearing and considered by the Court in reaching its findings of fact and conclusions of law.

6. Dr. Shawn Channell testified about his role as a forensic psychologist and Chair of the Risk Assessment Panel at FMC Devens. Dr. Channell performed Mr. Chudy's initial criminal responsibility examination in 2006 and diagnosed Mr. Chudy with bipolar disorder. Dr. Channell is familiar with Mr. Chudy's history, as he has headed the Risk Assessment Panel, which has previously recommended Mr. Chudy's conditional release. Mr. Chudy was transported to Montana on two prior occasions for a hearing, but decompensated after refusing to take his medication. Once he was returned to FMC Devens and resumed taking his medication, his condition stabilized. There have been no incident reports concerning Mr. Chudy's condition since 2011, and he has successfully resided on an open unit within the facility.

7. The Risk Assessment Panel last met with Mr. Chudy on September 22, 2020. Mr. Chudy has good insight into his condition and understands the need to take his medication and avoid alcohol. Dr. Channell believes that the conditional release plan proposed for Mr. Chudy will successfully transition Mr. Chudy into the community.[1] Dr. Channell testified that the proposed plan minimized the concerns related to past de-compensation. Mr. Chudy is excited about the proposed plan and his compliance will be monitored closely in the first 100 days, after which Mr. Chudy will gradually be afforded additional freedom.

8. Dr. Channell opined that if Mr. Chudy is conditionally released subject to the conditions outlined in the Warden's September 15 letter he will no longer create a substantial risk to the community.

9. Christina Cossa is a clinical social worker who began working for the Bureau of Prisons at FMC Devens in 2019. She specializes in treating veterans and is familiar with the treatment programs available for veterans in Massachusetts, including the Edith Nourse Rogers Memorial Veterans Hospital, also known as the Bedford VA. When assigned to Mr. Chudy's case, she carefully reviewed his entire history and realized that the Bedford VA's Domiciliary Program might be a suitable placement for Mr. Chudy.

---

[1] The Court relies on its own notes from the hearing rather than waiting for an official transcript to avoid unnecessary delay in issuing its findings and conclusions.

10.     The Domiciliary Program is a psycho-social rehabilitation program designed specifically to assist homeless veterans. As a resident of the Domiciliary, Mr. Chudy will work with a multi-disciplinary team that will provide intensive case management. This team will assist Mr. Chudy with his individualized treatment plan. The Domiciliary offers a variety of evidence-based treatments: individual and group psychotherapy, cognitive behavioral therapy, dialectical behavior therapy, cognitive processing therapy, and substance abuse and mental health groups. The Domiciliary also offers vocational training and a compensated worth therapy program. Mr. Chudy has completed a phone interview with representatives of the Domiciliary Program that lasted in excess of an hour and fifteen minutes and has been accepted into the program.

11.     Justin Prophet, a Senior United States Probation Officer in the District of Massachusetts, testified that he would serve as Mr. Chudy's Supervising Probation Officer should the Court approve Mr. Chudy's conditional release. Mr. Prophet met with Mr. Chudy in person to review the proposed conditions of release. Mr. Prophet is confident that Mr. Chudy understands the conditions and the consequences of failure to abide by those conditions. Mr. Prophet has no personal experience with the Bedford VA because it is outside the geographical area in which he generally supervises individuals on probation or

supervised release. Mr. Prophet has been assigned to Mr. Chudy's case because he himself is a veteran and cases involving veterans are often assigned to him. Mr. Prophet has spoken with a case manager and other individuals employed at the Bedford Domiciliary and is impressed by the services offered there and by their commitment to serving veterans.

12. Daniel Chudy testified that he has been confined to FMC Devens for the past fourteen years and was committed because he had threatened a federal police officer. Mr. Chuddy understands that he must comply with his medication regimen because failure to do so could result in his engaging in the type of conduct that led to his commitment. He also understands that alcohol interferes with his medication.

13. Mr. Chuddy has reviewed his proposed release conditions at length with Ms. Cozza, Mr. Prophet and his counsel, David Ness. Mr. Chuddy understands the conditions and the potential consequences for failing to abide by those conditions. His goal is to get out of FMC Devens and stay out and he recognizes that he must comply with his conditional release plan.

## Conclusions of Law

1. Defendant Daniel Chudy was originally hospitalized for care or treatment in accordance with 42 U.S.C. § 4243.

2. Mr. Chudy has proven by clear and convincing evidence that he has recovered from his mental disease or defect to such an extent that his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment will no longer create a substantial risk of bodily injury to another person or serious damage to property of another.

3. The conditions outlined in Warden Boncher's September 15, 2020, letter (which was admitted into evidence as Government Exhibit 3) are appropriate and will help ensure that Mr. Chudy will not pose a substantial risk of bodily injury to another person or serious damage to property of another.

4. Mr. Chudy can be conditionally discharged from FMC Devens subject to the conditions of release established in Warden Boncher's September 15, 2020, letter.

### Order

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 4243(f) that Defendant Daniel Chudy shall be CONDITIONALLY DISCHARGED from FMC Devens to the Bedford Domiciliary at the Edith Nourse Rogers Memorial Veterans Hospital in Bedford, Massachusetts.

IT IS FURTHER ORDERED that Defendant Chudy shall be supervised by the United States Probation Office for the District of Massachusetts under the

following conditions:

1. Inmate Chudy has been accepted for admission to The Bedford Domiciliary, located at the Edith Nourse Rogers Memorial Veterans Hospital (also known as the Bedford VA) in Bedford, MA. He will reside at the Domiciliary for approximately 100 days, and will follow all rules of the Domiciliary Program. The United States Probation Officer will be included in all housing decisions, and must approve any changes in residence.

2. Mr. Chudy will participate in mental health and substance abuse services deemed necessary by his treatment team through the Bedford VA Medical Center and/or through additional agencies approved by the United States Probation Office.

3. Mr. Chudy will voluntary consent to waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising United States Probation Officer, who will assist in evaluating his ongoing appropriateness for community placement.

4. Mr. Chudy will agree to voluntarily comply and abide by treatment plans and recommendations made by his Probation Officer and/or by the mental health professionals.

5. Mr. Chudy will be monitored by mental health professionals and his Probation Officer for evidence of psychiatric difficulties and will continue to take medication, which may include injectable medications, as ordered and which may be adjusted by his providers/clinicians. If changes in his medication or treatment regimens occur, his Probation Officer shall be immediately notified.

6. Mr. Chudy shall not leave the judicial district of Massachusetts without permission of the Court or Probation Officer.

7. Upon the recommendation of a medical provider and/or his Probation Officer, Mr. Chudy will voluntarily admit himself into a hospital for treatment. If he refuses and his continued release would create a

substantial risk of bodily injury to himself, another person, or serious damage to the property of another, he should be remanded to a suitable facility pursuant to 18 U.S.C. § 4243(f).

8. Mr. Chudy will not have in his possession at any time any actual or imitation firearm, destructive device, or any other deadly weapons of any kind. At the request of a Probation Officer or any law enforcement officer acting under the Probation Officer's direction, Mr. Chudy shall submit to a search without a warrant of his person, property including vehicle, or premises for the purpose of determining compliance with this condition. Revocation of conditional release is mandatory for possession of a firearm.

9. Mr. Chudy shall abstain from the use of alcohol, illegal narcotic substances, drugs, or synthetics of any kind. He shall not frequent places where alcohol or illegal drugs are known to be the primary place of possession, manufacture, or distribution. If determined necessary by the probation office, he will participate in substance abuse treatment and be required to participate in random drug and breathalyzer testing.

10. Mr. Chudy will remain under the supervision of the United States Probation Office until he is discharged from all mental health treatment and/or his federal civil commitment. The primary treatment provider may be changed with the approval of the United States Probation Office.

11. The United States Marshals Service shall be notified to return inmate Chudy to the custody of the Attorney General if it is determined that inmate Chudy has violated any conditions established for him.

12. Mr. Chudy shall refrain from any new criminal conduct, and will comply with the other standard conditions of release as proposed by the United States Probation Office.

IT IS FURTHER ORDERED that, pursuant to Title 18, United States Code, Section 4247(e), annual reports shall be filed by the director of the facility in

which he is committed with the Court, with copies to the Assistant United States Attorney, Mr. Chudy's Federal Public Defender, and the Warden of the Federal Medical Center Devens, Ayer, Massachusetts. The Clerk is directed to notify counsel, the United States Probation Office for both the District of Montana and the District of Massachusetts, Warden Boncher at FMC Devens and the United States Marshals Service of entry of this order.

DATED this 19th day of October, 2020.

CHARLES C. LOVELL
Senior United States District Judge